**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WANGAVU MCCRAY,

    Plaintiff,

    v.

DELROS MANAGEMENT, INC.;
FLORIDA GYPSUM, LLC; and
DELROS MANAGEMENT, INC.,

    Defendants.

Case No. 6:23-cv-1567-PGB-RMN

## **ORDER**

    This cause comes before the Court for consideration on review of the docket. On January 30, 2024, attorneys David A Selden, Julie A Pace, and Steven B Coffin moved for special admission to appear in this case. Dkts. 21, 22, 23. The Court granted the motions the next day, contingent upon each attorney registering for a cm/ecf login and password and using the Court's cm/ecf system. Dkt. 25.

    Nevertheless, on February 13, 2024, counsel submitted a motion to extend the deadline for Defendants to respond to the second amended complaint through the Court's e-portal system, which is intended for use by

pro se litigants and by counsel in sealed cases or to file initial pleadings.[1] The Court denied the motion on February 15, 2024, because it was improperly filed and did not demonstrate Defendant's diligence in meeting the deadline. Dkt. 29. Thereafter, Defendants filed an untimely answer using the Court's cm/ecf system without first seeking leave to do so. Dkt. 30.

A deadline to answer an amended pleading can be extended after the filing deadline if the movant demonstrates excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Defendants have not made such a showing, and so the pleading is unauthorized and should be stricken. *See Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1076 (5th Cir. 1980) ("[A]bsent an affirmative showing . . . of excusable neglect according to [Federal Rule of Civil Procedure] 6(b) a court does not abuse its discretion when it refuses to accept out-of-time affidavits.").[2]

The Court will provide Defendants another opportunity to satisfy the requirements of the Federal Rules of Civil Procedure. Because the responsive pleading deadline has passed, Defendants must establish excusable neglect. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). All future motions must also comply with the requirements of the

---

[1] See Electronic Document Submission Web Portal, https://www.flmd.uscourts.gov/electronic-document-submission-web-portal.

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.1206, 1209 (11th Cir. 1981) (en banc).

Court's Local Rules, including the requirements in Local Rule 3.01(a) and Local Rule 3.01(g). Any motion that does not may be denied on that basis alone.

Accordingly, it is **ORDERED**:

1. The answer (Dkt. 30), improperly filed on February 15, 2024, is **STRICKEN**;

2. The Clerk shall remove the filing from the docket; and

3. Defendants may move for leave to file an untimely pleading but must do so, using the Court's cm/ecf system, on or before February 21, 2024.

**DONE** and **ORDERED** in Orlando, Florida, on February 16, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record